IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD D. SMITH,

              Plaintiff,

    v.

PENDERGAST & ASSOCIATES,
P.C., et al.,

              Defendants.

CIVIL ACTION FILE

NO. 1:13-CV-02177-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

Pending before the court are Defendant Pendergast & Associates, P.C.'s ("Pendergast") motion [Doc. 5] to dismiss and Defendant CitiMortgage, Inc.'s ("CitiMortgage") motion [Doc. 6] to dismiss, both filed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff Reginald D. Smith has not responded to the motions to dismiss. After consideration of the allegations in Plaintiff's "Complaint for Quiet Title to Real Property," the court recommends granting the motions to dismiss.[1]

---

[1]When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). And see LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion"). Courts have not, however, as a general rule, automatically granted a motion to dismiss a complaint for failure to

## I.      Background Facts

Plaintiff filed the complaint to quiet title in the Superior Court of DeKalb County, and on June 28, 2013, Defendant CitiMortgage filed a notice of removal to this court.  [Doc. 1].  In the complaint, under the heading "Jurisdiction, Venue," Plaintiff asserts the Superior Court's jurisdiction over Defendants because they "committed acts proscribed by the False Claims Act."  [Doc. 1-1 ("Complaint") at p. 1].  Under the section titled "Parties," Plaintiff claims to bring his action "pursuant to Truth In Lending Act ('TILA'), Regulation Z section 226 et seq. Real Estate Settlement Procedures Act ('RESPA'), Home Ownership Equity Protection Act ('HOEPA'), Racketeer Influenced and Corrupt Organization (RICO) violations and others."  [Id. at p. 2].  In that section, Plaintiff concludes by stating that Defendants' "misconduct resulted in unauthorized foreclosures, violation and other homeowners' rights and protections, the use of false and deceptive affidavits and other documents, and the waste and abuse of taxpayer funds."  [Id. at p. 4].  There is no other mention

---

file a response, when doing so would be dispositive of the litigation.  See Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009); Perkins v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)); Raphael v. Hackett, 2006 WL 3334387, at *2 (S.D. Miss. November 13, 2006).  Accordingly, the court has reviewed the merits of Defendants' motions to dismiss.

AO 72A
(Rev.8/82)

in the remainder of the complaint of the False Claims Act ("FCA"), TILA, RESPA, HOEPA or RICO.   [Complaint].   Additionally, there are no factual allegations whatsoever regarding any loan, mortgage or foreclosure proceedings involving any property related to Plaintiff.  [Id.].[2]

In the next section of the complaint, titled "By contract and common law and statutory duty:", Plaintiff alleges that Defendant CitiMortgage "has an obligation to take 'GOOD AND VALID' care of the purported loan 'DOCUMENTS.'" [Complaint at p. 4].  Plaintiff then provides a listing of the documents that Defendant should have taken care of and provided for Plaintiff's inspection, including, the original promissory note, allonge and mortgage as required by unidentified laws and the Form S3 registration statement, Form 424(b)(5) prospectus, and Forms FR 2046, 2049 and 2099

---

[2] Attached to the complaint is a Security Deed, dated April 9, 1998, between Cynthia and Reginald Smith and Commonwealth Bank d/b/a Homestead Mortgage for property located at 5180 Hidden Meadow Lane, Stone Mountain, Georgia 30088. [Doc. 1-2 ("Security Deed")].  Also attached to the complaint is a Deed Under Power of Sale, effective November 6, 2012, reflecting that on that date CitiMortgage purchased, at a non-judicial foreclosure sale, the aforementioned property.  [Doc. 1-4 ("Deed Under Power of Sale")].  Apparently, on May 13, 1998, the Security Deed was assigned to First Nationwide Mortgage Corporation.  [Doc. 6-3 ("Assignment"), as recorded in the DeKalb County Deed Book on October 5, 1998].  After First Nationwide merged with Defendant CitiMortgage, on November 6, 2012, by Special Warranty Deed all interest in the property was transferred to Defendant CitiMortgage. [Doc. 6-4 ("Special Warranty Deed"), as recorded in the DeKalb County Deed Book on December 6, 2012].

AO 72A
(Rev.8/82)

balance sheets as allegedly required by the Privacy Act, 5 U.S.C. § 552(a).  Plaintiff

also contends that an unidentified contract requires that these documents be maintained

and provided to Plaintiff.  [Id. at pp. 5-6].  Finally, in this section, Plaintiff contends

that unidentified Defendants committed fraud, but he fails to provide any factual basis

in support of the claim.  [Id. at p. 6].

In the next section titled "Petitioner(s) states the claims:", Plaintiff provides a

legal description for the property at 5180 Hidden Meadow Court, Stone Mountain,

Georgia 30088 and then contends that unidentified Defendants "altered, destroyed,

and/or mutilated" the originals of the list of documents set forth earlier and have

"ONLY OLD COPIES" of these documents.    [Complaint at pp. 7-9].  Plaintiff

provides no further explanation or allegation of fact regarding said altering, destroying

or mutilating of these documents.  [Id.].  Finally, Plaintiff requests relief which

includes inspecting the original of all the documents listed in the complaint, damages

in the amount of $499,500 and to quiet title to unidentified property. [Complaint at pp.

9-12].

Additional facts will be set forth as necessary during discussion of Plaintiff's

claims.

4

## II.     Standard of Law

On a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted, the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).  The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing

5

that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not

decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")). See also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted).  Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still

7

must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on Defendants' motions to dismiss the complaint.

### III.   Discussion

Defendants CitiMortgage and Pendergast have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state claims upon which relief can be granted.  [Docs. 5 and 6].  Although Defendants attempt to identify every possible claim that could have been conceivably raised in the complaint and then articulate reasons why those claims are not viable, the court finds that Plaintiff's complaint is woefully inadequate and fails to even include as causes of action most of the claims addressed by Defendants.  Accordingly, a detailed discussion of the shortcomings in the pleading of those "claims" is not warranted.  Excepting vague and conclusory references to a number of statutes and broadly and conclusively worded allegations of wrongdoing, Plaintiff fails to even relate a single one of these claims to any mortgage, debt or foreclosure action related to him.

As noted, without any further reference or any recitation of facts supporting any cause of action, Plaintiff generally contends that Defendants "have committed acts

8

proscribed by the False Claims Act[,]" that he "brings this action pursuant to Truth In Lending Act ('TILA'), Regulation Z section 226 et seq. Real Estate Settlement Procedures Act ('RESPA'), Home Ownership Equity Protection Act ('HOEPA'), Racketeer Influenced and Corrupt Organization (RICO) violations and others[,]" and that Defendants' "misconduct resulted in unauthorized foreclosures, violation and other homeowners' rights and protections, the use of false and deceptive affidavits and other documents, and the waste and abuse of taxpayer funds." [Complaint at p. 1-4]. Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1966). To survive a Rule 12(b)(6) motion to dismiss the complaint, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly,127 S. Ct. at 1966-67). These vague references in the complaint do not satisfy that standard as to the referenced statutes and conduct. See, e.g., Taylor v. Ocwen Loan Servicing, LLC, 2013 WL 494076, at *4 (N.D. Miss. February 7, 2013) (the complaint's "references in passing [to] unspecified violations of the 'Foreclosure Act' and the 'FDCPA'" are insufficient to state claims for relief); Ethridge v. Fremont Investment & Loan, 2012

9

WL 5995891, at *3 (E.D. Mich. November 13, 2012) (finding that the defendants were entitled to dismissal because the plaintiffs "have not stated sufficient facts to support any of their various claims, including those of fraud, . . . or FDCPA, RESPA, Regulation X" and others), adopted by 2012 WL 5989917 (E.D. Mich. November 30, 2012); Ferguson v. Aurora Loan Services, 2011 WL 841076, at *2 (S.D. Ga. February 3, 2011) (noting that the second complaint was "mere legal gobbledygook" and did not allege any valid TILA or RESPA claims, the court likewise found that the plaintiff's third attempt at pleading a cause of action was also inadequate and failed to allege any non-conclusory facts showing that any defendant engaged in any wrongdoing); Adams v. Bank of America, N.A., 2007 WL 2746871, at *3 (M.D. N.C. September 19, 2007) (finding that the plaintiff's "numerous (and often repetitive) allegations under FDCPA, . . . Federal RICO and [other] statutes . . . are nothing more than bare conclusory statements that track the language of statutory provisions [and that] the Complaint fails to state any cognizable claim and should be dismissed").

Likewise, Plaintiff's allegation of fraud against Defendants is nothing more than a statement of the elements of a cause of action followed by a confusing sentence that "Petitioner(s) as of to date is not a registered active Entity with BBB Business Bureau and with the Secretary of State, State of Georgia." [Complaint at pp. 6-7]. "A plaintiff

10

must show five elements to establish the tort of fraud in Georgia: 'a false representation by a defendant, scienter, intention to induce plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.'" <u>APA Excelsior III, L.P. v. Windley</u>, 329 F. Supp. 2d 1328, 1355 (N.D. Ga. 2004) (quoting <u>Stiefel v. Schick</u>, 260 Ga. 638, 639, 398 S.E.2d 194, 195 (1990)). <u>And see</u> Fed. R. Civ. P. 9; <u>Sellers v. Bank of America, N.A.</u>, 2012 WL 1853005, at *4 (N.D. Ga. May 21, 2012) ("to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud'") (quoting <u>Mathis v. Velsicol Chemical Corp.</u>, 786 F. Supp. 971, 976-77 (N.D. Ga. 1991)).  Plaintiff fails to plead - with specific facts relevant to his cause of action - the five elements of fraud with the specificity required under federal or Georgia law.  Accordingly, "to the extent Plaintiff attempts to allege a claim for fraud through [these allegations], that claim is dismissed as Plaintiff does not plausibly allege any facts to support a misrepresentation."  <u>Roper v. Bank of America, N.A.</u>, 2012 WL 1134805, at *3 (N.D. Ga. April 4, 2012); <u>see also</u> <u>Jenkins v. BAC Home Loan Servicing, LP</u>, 822 F. Supp. 2d 1369, 1380 (M.D. Ga. 2011) ("Unsupported by specific allegations, Plaintiff's claim for fraud . . . is insufficient to maintain an action upon which relief can be granted.").

11

For these reasons, to the extent the complaint contains any causes of action for violations of the False Claims Act, TILA, RESPA, HOPEA, RICO, wrongful foreclosure or fraud, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

The focus of Plaintiff's complaint and attempt to quiet title is the allegation that Defendant CitiMortgage had "an obligation to take 'GOOD AND VALID' care of the purported loan 'DOCUMENTS[ ]'" under an unidentified contract (but presumably the Security Deed), under common law and based on statutory duty. [Complaint at pp. 4-6]. Plaintiff does not identify the common law requiring Defendant to do so, and the only statute cited is 5 U.S.C. § 552(a), a citation to the Freedom of Information Act ("FOIA") not the Privacy Act ("PA") referenced in the complaint. Plaintiff also asserts that these same duties required Defendant to produce for inspection all of these loan documents. [Id. at p. 6]. And, finally, without any factual allegations to support these claims, Plaintiff contends that Defendant "altered, destroyed and/or mutilated" the same documents. [Id. at 7-9].

If the contract that Plaintiff relies on is the Security Deed attached to his complaint, Plaintiff has failed to identify a term therein imposing on Defendants any duty to "take 'GOOD AND VALID' care of the loan 'DOCUMENTS[,]'" and the

12

court has found none therein.  Nor is the court aware of any common law requirements imposed on Defendants to either take care of these documents or to produce the documents for inspection.  Courts that have considered claims of this nature have rejected finding a cause of action.  See, e.g., Dotson v. Metrociti Mortg., 2011 WL 3875997, at **5-6 (E.D. Cal. August 31, 2011) (rejecting the plaintiff's claim that the defendants had contractual duties to take "GOOD AND VALID" care of loan documents and to permit inspection of same); Sakala v. BAC Home Loans Servicing, LP, 2011 WL 719482, at *6 (D. Hi. February 22, 2011) (finding that the plaintiff's "conclusory allegations and vague assertions" that the defendants had "unnamed contractual, common law, and statutory duties to take 'good and valid' care of the loan documents" - including to demand inspection of same - without "reference to facts or legal authority, do not satisfy federal pleading requirements" and fail to state a cause of action); accord Szlek v. U.S. Bank Nat'l Ass'n, 2012 WL 3756941, at *3 (N.D. Ga. August 28, 2012) ("To the extent Plaintiff alleges that Defendants must 'produce the note' to have standing to foreclose, this claim fails under Georgia law.") (citing Watkins v. Beneficial, HBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga. September 2, 2010) (treating produce the note claim as a state law claim and noting that "nothing in Georgia law requires a 'lender commencing foreclosure proceedings to produce the

13

AO 72A
(Rev.8/82)

original note'"); <u>Hill v. Saxon Mortg. Servicing, Inc.</u>, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting demand that original promissory note be produced by lender)).

And the only statute that Plaintiff cites to impose the alleged statutory duty to take "GOOD AND VALID" care of the identified documents is "the PRIVACY ACT TITLE 5 U.S.C. § 552(a) . . . ." [Complaint at pp. 5-6]. It is not clear if Plaintiff is claiming that disclosure is governed by Section 552(a), commonly known as FOIA, or by the PA, Section 552a. However, whether seeking relief pursuant to either FOIA or the PA, Plaintiff's cause of action fails.

FOIA imposes duties on federal agencies, which include, the Congress, the courts of the United States, governments of territories of the United States and of the District of Columbia, and other entities representative of the federal government, <u>see</u> 5 U.S.C. § 551(1), to make available identified public information, <u>see</u> 5 U.S.C. § 552(a). "The fundamental principle underlying FOIA is public access to governmental documents." <u>Times Publishing Co. v. United States Dep't of Commerce</u>, 236 F.3d 1286, 1288 (11th Cir. 2001). However, "FOIA, by its terms, applies only to government agencies . . . ." <u>United States v. Mercado</u>, 47 F.3d 1171, 1995 WL 37964, at *1 (6th Cir. January 31, 1995) (noting that "'[a]gency' is defined in § 551(1) as 'each

14

authority of the Government of the United States'") (quoting 5 U.S.C. § 551(1) and citing 5 U.S.C. § 555(f)); and see Lee v. United States Attorney for the Southern District of Florida, 289 Fed. Appx. 377, 380 (11th Cir. 2008) ("FOIA requires a *federal agency*, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available unless the information within the records is protected from disclosure by a statutory exemption.") (emphasis added).

And the PA, found in § 552a, "'governs the government's collection and dissemination of information and maintenance of its records and generally allows individuals to gain access to government records . . . .'" Lee, 289 Fed. Appx. at 380 (quoting Perry v. Bureau of Prisons, 371 F.3d 1304, 1304 (11th Cir. 2004)). The definition of "agency" under the PA is the same as under FOIA. Mercado, 1995 WL 37964, at *1 ("The Privacy Act, which places conditions on disclosure, is subject to the same definition of agency found in § 551(1)."). And, while an individual may bring a private cause of action under both FOIA and the PA in federal court to gain access to improperly withheld records, that cause of action is only properly bought against a federal agency as defined within FOIA and the PA. Lee, 289 Fed. Appx. at 380. Accordingly, Plaintiff cannot seek disclosure of the identified documents under these provisions from Defendants CitiMortgage or Pendergast nor obtain relief from those

15

Defendants for failure to produce or allow inspection of the documents.  See, e.g., Singletary v. Wachovia Mortg. Corp./Wells Fargo, 2013 WL 1194863, at *10 (D. S.C. January 28, 2013) ("Plaintiff's 'Privacy Act of 1974' cause of action asserts a claim under a statute that applies to public actors, not private entities such as the Defendant, and is therefore subject to dismissal."); Cavil v. Ocwen Loan Servicing LLC, 2013 WL 145039, at *4 (S.D. Tex. January 11, 2013) (the plaintiff's FOIA "claim fails because Defendants are not federal agencies"); Johnson v. Homeownership Preservation Foundation, 2009 WL 6067018, at **8-9 (D. Minn. December 18, 2009) (dismissing the plaintiff's PA claim because the defendant was "not an agency of the federal government as defined by the Act"); Williams v. PNS Stores, Inc., 2009 WL 4078387, *2 (S.D. Cal. August 28, 2008) ("The FOIA does not apply to private corporations . . . .").

For these reasons, Plaintiff cannot state a claim for relief for failure to take care of the loan documents, for failure to produce and allow inspection of the loan documents, or for the conclusory and vague claims that Defendants altered or destroyed these documents.  The court **RECOMMENDS** that Defendants' motions to dismiss these claims be **GRANTED**.

16

And, finally, the court recommends that Defendant CitiMortgage's motion to dismiss Plaintiff's request for relief to "Grant Quiet Title" be granted.  Defendant asserts that Plaintiff has not met the requirements for establishing the right to quiet title.  [Doc. 6 at 16-17].  Defendant is correct.  Plaintiff has not referenced much less set forth the basic elements required for a claim to quiet title under O.C.G.A. §§ 23-3-40, *et seq.*, and §§ 23-3-60, *et seq.*, which include filing a verified complaint with a plat survey of the property at issue.  See Joseph v. CitiMortgage, 2011 WL 5156817, at *2 (N.D. Ga. October 27, 2011) (dismissing complaint because it was not verified and plaintiff failed to file a "'plat survey of the land'" as required by O.C.G.A. § 23-3-62(b) & (c)); and see Simpson v. Countrywide Home Loans, 2010 WL 3190693, at **7-8 (N.D. Ga. April 26, 2010) ("dismissing quiet title action for failure to comply with Georgia Quiet Title Act"), adopted by 2010 WL 3190686 (N.D. Ga. August 11, 2010).  In fact, besides attaching a Security Deed to the complaint, which identifies the property subject to a mortgage and which is Plaintiff's address of record, Plaintiff did not even identify the property for which he is seeking to quiet title.  [Complaint].

## IV.    Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendants' motions [Docs. 5 and 6] to dismiss the complaint be **GRANTED**.

17

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED** this 3rd day of December, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

18