IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD D. SMITH,

      Plaintiff,

v.                                     1:13-cv-2177-WSD

CITIMORTGAGE, INC. and
PENDERGAST & ASSOCIATES,
P.C.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [7] ("R&R") on Defendants' Motions to Dismiss [5, 6].

**I.   BACKGROUND**

On June 3, 2013, Plaintiff Reginald D. Smith ("Plaintiff"), proceeding *pro se*, filed this action in the Superior Court of DeKalb County, Georgia. Plaintiff's Complaint [1-1], although largely incomprehensible, appears to assert claims arising from the foreclosure of Plaintiff's home by Defendants CitiMortgage, Inc. and Pendergrast & Associates, P.C. (collectively, "Defendants"). The Complaint states that this action is brought "pursuant to Truth In Lending Act ('TILA'),

Regulation Z section 226 et seq. Real Estate Settlement Procedures Act ('RESPA'), Home Ownership Equity Protection Act ('HOEPA'), Racketeer Influenced and Corrupt Organization (RICO) violations and others." The Complaint also appears to assert fraud by Defendants and seeks to quiet title to real property under Georgia law.  On June 28, 2013, Defendants removed the action to this Court on the basis of federal question and diversity jurisdiction.

On July 3, 2013, and July 15, 2013, Defendants filed their respective Motions to Dismiss on the ground that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff did not oppose, or otherwise respond to, Defendants' Motions to Dismiss.

On December 3, 2013, Magistrate Judge King issued her R&R recommending that Defendants' Motions to Dismiss be granted and that Plaintiff's claims be dismissed.  Judge King found that, despite invoking various federal and state statutes, Plaintiff's Complaint fails to allege any facts sufficient to show that Defendants are liable under any statutes and that the allegations consist only of the bare elements of certain causes of action.  Judge King concluded that Plaintiff's Complaint thus fails to satisfy the rudimentary requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

The parties did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

After careful review, the Court finds no plain error in Judge King's factual findings or recommendations.  Plaintiff has failed to show that he is entitled to any relief because he failed to allege any facts demonstrating that either Defendant violated federal or state law.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Plaintiff's

Complaint is required to be dismissed.  See id.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [7] is **ADOPTED**.  Defendants' Motions to Dismiss [5, 6] are **GRANTED**.  This action is **DISMISSED**.

**SO ORDERED** this 23rd day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE